(No. 3728— 

CHARLES GOESEL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1943.*

WOLFBERG & KROLL, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

ECKERT, J.

On July 29, 1941, claimant, Charles Goesel, an employee of the Department of Public Works and Buildings, State of Illinois, Division of Highways, while cutting weeds with a mower and team of horses on Route 83 West of Blue Island, was struck by an automobile and thrown to the pavement. He was taken immediately by ambulance to St. Francis Hospital in Blue Island, and placed under the care of Dr. Earle J. W. Pronger. His head, neck, right shoulder, chest, and left ankle were severely bruised; there was a fracture of the right scapula, and the right third, fourth and fifth ribs; there were deep lacerations of the left wrist, with a laceration of the extensor carpi ulnaris tendon. He did not regain consciousness until three weeks after the accident.

On August 5th, claimant was taken by ambulance from Blue Island to St. Luke's Hospital in Chicago, and placed under the care of Dr. H. B. Thomas, Professor of Orthopedic Surgery, University of Illinois, Medical College. He was discharged from the hospital on September 15th, but remained under the care of Dr. Thomas until March 9, 1942.

462

At the time of the injury, claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the period provided by the Act. The accident arose out of and in the course of the employment.

Claimant was first employed by the respondent on June 23, 1941. He was paid at the rate of $1.25 per hour, which included his services and the furnishing of a two-horse team and mowing machine. Compensation for claimant's services, apart from the rental of the team and mower, is fixed by the Department at the rate of seventy-five cents per hour. Employees engaged in a similar capacity, worked less than two hundred days a year, and eight hours constituted a normal working day. At the time of the accident, claimant had no children under sixteen years of age dependent upon him for support.

The respondent has paid, on account of claimant's injury, the following amounts:

| | |
|---|---|
| Dr. Earle J. W. Pronger, Blue Island | $126.00 |
| Dr. H. B. Thomas, Chicago | 484.00 |
| Dr. R. P. Mackay, Chicago | 10.00 |
| St. Francis Hospital, Blue Island | 111.75 |
| St. Luke's Hospital, Chicago | 279.10 |
| E. C. Clausen, R. N., Blue Island | 49.00 |
| M. Martino, R. N., Blue Island | 47.00 |
| M. Barzycki, R. N., Blue Island | 7.00 |
| Hickey Funeral Home (ambulance), Blue Island | 20.00 |

or a total sum of $1,133.85. The respondent also paid claimant the sum of $13.75 per week for a period of fifteen and three-sevenths weeks, as temporary total disability.

Claimant now seeks an award of $1.25 per week for this period of fifteen and three-sevenths weeks, alleging a compensation rate of $15.00 per week, instead of $13.75, and seeks an award of $15.00 per week for an additional forty-five weeks, alleging that he was wholly incapacitated until June 3, 1942. Claimant's average weekly wage, however, under the provisions of the Workmen's Compensation Act of this State, was $23.08; the period of his temporary total disability was from July 30, 1941, to March 9, 1942, when he was discharged by Dr. Thomas. During this period of thirty-one and five-sevenths weeks, he received the sum of $212.14, so that there is due him on account of temporary total disability the further sum of $190.44.

Claimant also seeks an award for an eighty per cent permanent loss of use of his left arm. He testified that his left shoulder and left hand were broken in the accident; that he still has pain in his left wrist, and fingers, and cannot tie a knot with these fingers; that he has very little feeling in his left hand, and no feeling at all in the left wrist. He testified that he can not lift with his left hand, and that he has difficulty dressing, or doing any work involving the use of his left arm.

Dr. Samuel R. Rubert, called as a witness for claimant, testified that he examined claimant on September 2, 1942, and took x-ray photographs which were introduced in evidence. He found that claimant had a fracture deformity of the left wrist with marked grating on motion; that both flexion and extension of the wrist were markedly restricted and limited to about fifteen degrees in extension and fifteen degrees in flexion from the horizontal. He testified that claimant has a scar on the left wrist extending from the middle palmar aspect to the ulnar side, onto the ulnar styloid, and down to the metacarpal phalangeal joint of the left little finger; that the claimant is unable to close fully his left fist, even with forceful pressure; that the fingers could not be brought down so that they would close; and that there is a residual tendinitis of the tendons of the hand with marked limitation of flexion of the interphalangeal and metacarpal phalangeal joints of the finger. He found a marked coldness, and decreased circulation of all of the fingers of the left hand, including the thumb. Dr. Rubert testified that the x-rays showed bony deformity and fracture deformity of the radius and ulna, and healing fractures of the wrist proper. He stated that in his opinion, claimant had suffered a permanent loss of function of the left hand, wrist and forearm of approximately eighty per cent, and stated that in his opinion he included the arm because of the injury to the shoulder.

The respondent called no witnesses, but submitted its case upon the report of the Division of Highways containing portions of the reports of Dr. Thomas. These reports substantiate the fact that claimant has suffered a partial loss of use of his left arm; that the fingers have lost varying degrees of motion, including the thumb; and that the left hand has lost some of its sense of feel and touch.

Claimant also seeks an award for partial incapacity arising from the fracture of the third, fourth, fifth and sixth

ribs; an award for services rendered by Dr. Samuel R. Rubert, in the amount of $65.00; and an allowance for future medical services. The record, however, does not justify an award for any of these items.

From the evidence and from personal observation of the claimant by the court, it appears that claimant has suffered a fifty per cent permanent partial loss of the use of his left arm. He is, therefore, entitled to an award in the sum of $1,428.08, for permanent partial loss of use of his left arm.

Award is therefore made to claimant in the total sum of $1,618.52, payable as follows:

The sum of $966.59 which is accrued and is payable forthwith.

The sum of $651.93 payable in weekly installments of $12.69 per week beginning May 11, 1943, for a period of fifty-one weeks, with a final payment of $4.74.

This award being subject to the provisions of an Act entitled ''An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof,'' approved June 30th, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided for in such Act.